Stacy R. Smith (NV Bar No. 7919)
*stacy.smith@clydeco.com*
CLYDE & CO US LLP
7251 W. Lake Mead Blvd., Suite 430
Las Vegas NV 89128
Telephone: 725-248-2900

*Attorney for Defendant*
SOUTHWEST CITRUS, LLC D/B/A CITRUS APARTMENTS

**UNITED STATES DISTRICT COURT NEVADA**

**DISTRICT NEVADA**

| | |
|---|---|
| JOSE LUIS ANAYA SANCHEZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS, a Foreign Limited Liability Company; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:25-cv-02357-CDS-DJA<br><br>**STIPULATION AND ORDER FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

IT IS HEREBY STIPULATED AND AGREED by Plaintiff JOSE LUIS ANAYA SANCHEZ ("Plaintiff") and Defendant SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS ("Defendant"), by and through their undersigned counsel, as follows:

**<u>RECITALS</u>**

1. On April 20, 2026, Plaintiff filed a Motion for Leave to File First Amended Complaint seeking to name the following additional parties in place of previously identified ROE Defendants: Banuelos Pro Landscaping, LLC, Omninet Property Management, LLC d/b/a Pioneer Property Management; Omninet Southwest, LLC; and Omninet Capital, LLC. To date, there has been no ruling on the Motion.
2. Defendant does not oppose Plaintiff amending the Complaint to add the following additional parties in place of previously identified ROE Defendants: Banuelos Pro



CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

Landscaping, LLC, Omninet Property Management, LLC d/b/a Pioneer Property Management; Omninet Southwest, LLC.

3. Southwest Citrus, LLC, Omninet Property Management, LLC d/b/a Pioneer Property Management; and Omninet Southwest, LLC have represented that they are covered entities under the Sompo Commercial General Liability Insurance Policy that has been produced herein and that they are entitled to coverage thereunder to the same extent as Omninet Capital, LLC.

4. Southwest Citrus, LLC, Omninet Property Management, LLC d/b/a Pioneer Property Management; and Omninet Southwest, LLC have further represented that they do not intend to assert at trial that Omninet Capital, LLC owned or had any control over the sprinkler system or walkways on the premises where the incident giving rise to this case occurred, nor that Omninet Capital, LLC employed anyone with responsibility for exercising control over said sprinkler system or walkway.

5. Based upon the foregoing representations, the parties have agreed that Plaintiff will not amend the Complaint to add Omninet Capital, LLC as an additional party in place of previously identified ROE Defendants.

6. On June 19, 2026, Defendant Southwest Citrus, LLC d/b/a Citrus Apartments filed a Motion for Leave to File Third-Party Complaint against Banuelos Pro Landscaping, LLC for contractual indemnification, equitable indemnity, and contribution. To date, there has been no ruling on the Motion.

7. Plaintiff does not oppose Defendant's Motion for Leave to File Third-Party Complaint against Banuelos Pro Landscaping, LLC.

8. The parties agree that permitting Plaintiff to amend the Complaint to add the above-referenced parties in place of previously identified ROE Defendants with expediency at this stage of the litigation will minimize the potential need for a future discovery extension, promote the efficient resolution of all claims arising out of the subject incident, and will avoid the need for separate litigation.

9. This stipulation is made in good faith and not for purposes of delay.

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED that:

1. Plaintiff shall have leave to file a First Amended Complaint naming Banuelos Pro Landscaping, LLC, Omninet Property Management, LLC d/b/a Pioneer Property Management; Omninet Southwest, LLC as additional parties in place of previously identified ROE Defendants upon entry of this Order;
2. Plaintiff will not amend the Complaint to add Omninet Capital, LLC as an additional party in place of previously identified ROE Defendants;
3. Plaintiff shall file the First Amended Complaint, in the form attached hereto as Exhibit A, within seven (7) days of entry of an Order approving this Stipulation.
4. Defendants shall respond to the First Amended Complaint within the time permitted by the Federal Rules of Civil Procedure. Further, Defendants anticipate filing a cross-claim against newly named defendant Banuelos Pro Landscaping, LLC.
5. Upon entry of this Order, Plaintiff will withdraw his Motion for Leave to File First Amended Complaint, and Defendant will withdraw its Motion for Leave to File Third-Party Complaint, as both motions will be moot.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6. Southwest Citrus, LLC, Omninet Property Management, LLC d/b/a Pioneer Property Management; and Omninet Southwest, LLC will not assert at trial that Omninet Capital, LLC owned or had any control over the sprinkler system or walkways on the premises where the incident giving rise to this case occurred, nor that Omninet Capital, LLC employed anyone with responsibility for exercising control over said sprinkler system or walkway.

Respectfully Submitted By:

Dated: July 10, 2026

**CLYDE & CO US LLP**

*/s/ Stacy R. Smith*
**Stacy R. Smith, Esq.** (NV Bar No. 7919)
7251 W. Lake Mead Blvd., Suite 430
Las Vegas, NV 89128

*Attorney for Defendant,*
**SOUTHWEST CITRUS, LLC**

Dated: July 10, 2026

**GINA CORENA & ASSOCIATES**

*/s/ Kristie L. Fischer*
**Kristie L. Fischer, Esq. (**NV Bar No. 11693)
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101

*Attorney for Plaintiff,*
**JOSE LUIS ANAYA SANCHEZ**

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

***Sanchez v. Southwest Citrus, LLC,***

***Case No.: 2:25-cv-02357-CDS-DJA***

**ORDER**

**BASED ON THE STIPULATION OF THE PARTIES** and good cause appearing; therefore,

**IT IS SO ORDERED** that Plaintiff Jose Luis Anaya Sanchez shall have leave to file the First Amended Complaint, attached hereto as **Exhibit A**, naming Banuelos Pro Landscaping, LLC, Omninet Property Management, LLC d/b/a Pioneer Property Management, and Omninet Southwest, LLC as additional Defendants in place of previously identified ROE defendants.

**IT IS FURTHER ORDERED** that Plaintiff Jose Luis Anaya Sanchez will not include Omninet Capital, LLC as an additional Defendant in the First Amended Complaint.

**IT IS FURTHER ORDERED** that Southwest Citrus, LLC, Omninet Property Management, LLC d/b/a Pioneer Property Management; and Omninet Southwest, LLC shall not assert at trial that Omninet Capital, LLC owned or had any control over the sprinkler system or walkways on the premises where the incident giving rise to this case occurred, nor that Omninet Capital, LLC employed anyone with responsibility for exercising control over said sprinkler system or walkway.

**IT IS FURTHER ORDERED** that Plaintiff shall file the First Amended Complaint, in the form attached hereto as Exhibit A, within seven (7) days of entry of an Order approving this Stipulation.

**IT IS FURTHER ORDERED** that Defendants shall respond to the First Amended Complaint within the time permitted by the Federal Rules of Civil Procedure.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

**IT IS FURTHER ORDERED** that Plaintiff Jose Luis Anaya Sanchez's Motion for Leave to File First Amended Complaint, and Defendant Southwest Citrus, LLC d/b/a Citrus Apartments' Motion for Leave to File Third-Party Complaint, are hereby ~~withdrawn~~ DENIED as moot. (ECF Nos. 12, 19)

**IT IS SO ORDERED.**

**Dated:** July 14, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 355 S. Grand Avenue, Suite 1400, Los Angeles, CA 90071.

On July 10, 2026, I served the document(s) described as: **STIPULATION AND ORDER FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** on the parties in this action addressed as follows:

**Kristie L. Fischer, Esq.**
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101

*Attorneys for Plaintiff,*
**JOSE LUIS ANAYA SANCHEZ**

in the following manner:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☒ **BY ELECTRONIC SERVICE:** submitted to the above-entitled Court for electronic service upon the Court's Registered Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct.

Executed July 10, 2026, at Los Angeles, California.

/s/ *Carolina Espinoza*
Carolina Espinoza

# EXHIBIT A

**Plaintiff's First Amended Complaint**

**Gina M. Corena, Esq.**
Nevada Bar No. 10330
gina@lawofficecorena.com
**Kristie L. Fischer, Esq.**
Nevada Bar No. 11693
kristie@lawofficecorena.com
**GINA CORENA & ASSOCIATES**
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 680-1111
Facsimile: (888) 897-6507
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE LUIS ANAYA SANCHEZ, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS, a Foreign Limited Liability Company; **BANUELOS PRO LANDSCAPING, LLC, a Domestic Limited Liability Company; OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY MANAGEMENT, a Foreign Corporation; OMNINET SOUTHWEST, LLC, a Foreign Limited Liability Company;** DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendant. | Case No. 2:25-cv-02357-CDS-DJA<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Plaintiff JOSE LUIS ANAYA SANCHEZ ("**Plaintiff**"), by and through attorneys of record, the Law Office of **GINA CORENA & ASSOCIATES**, and for causes of action against the Defendants, SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS, a Foreign Limited Liability Company; **BANUELOS PRO LANDSCAPING, LLC, a Domestic Limited Liability Company; OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY**

**MANAGEMENT, a Foreign Corporation; OMNINET SOUTHWEST, LLC, a Foreign Limited Liability Company;** DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive, and jointly and severally, complains and alleges as follows:

GINA CORENA & ASSOCIATES

**GENERAL ALLEGATIONS**

1. That at all times relevant hereto, Plaintiff, was and is a resident of Clark County, State of Nevada.

2. Upon information and belief, at all times mentioned, Defendant SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS is a limited liability company formed under the laws of the State of Delaware, with its principle place of business in Clark County, Nevada, and/or that owns and operates the residential apartment complex commonly known as CITRUS APARTMENTS, located at 60 N. Pecos Road, Las Vegas, Nevada 89101, and that was and is authorized to conduct, and was and is actually conducting business in Clark County, Nevada.

3. **Upon information and belief, at all times mentioned, Defendant BANUELOS PRO LANDSCAPING, LLC is a limited liability company formed under the laws of the State of Nevada, with its principle place of business in Clark County, Nevada, and/or that was and is contracted to perform landscape maintenance services at Citrus Apartments, located at 60 N. Pecos Road, Las Vegas, Nevada 89101, and that was and is authorized to conduct, and was and is actually conducting business in Clark County, Nevada.**

4. **Upon information and belief, at all times mentioned, Defendant OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY MANAGEMENT is a foreign corporation formed under the laws of the State of California, that was and is the property management company for Citrus Apartments, located at 60 N. Pecos Road, Las Vegas, Nevada 89101, and that was and is authorized to conduct, and was and is actually conducting business in Clark County, Nevada.**

5. **Upon information and belief, at all times mentioned, Defendant OMNINET SOUTHWEST, LLC is a foreign limited liability company formed under the laws of the State of Delaware, that owns and/or operates the residential apartment complex commonly known as CITRUS APARTMENTS, located at 60 N. Pecos Road, Las Vegas, Nevada 89101,**

**and that was and is authorized to conduct, and was and is actually conducting business in Clark County, Nevada.**

6. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident Defendants designated herein as DOES I through X, and ROE BUSINESS ENTITIES I through X, are presently unknown to Plaintiff. Upon information and belief these DOE and ROE Defendants, and each of them, were involved in the initiation, approval, support, or execution of one or more of the wrongful acts or omissions upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff, including but not limited to: unreasonably owning, maintaining, operating, or repairing the premises and/or any fixture or instrumentality thereon that caused injury to Plaintiff (including but not limited to the sprinklers in the area where Plaintiff was injured). ROE and DOE Defendants also include but are not limited to: a) presently unknown person(s) who is/are otherwise responsible for designing, constructing, improving, owning, leasing, controlling, operating, occupying, inspecting, managing, securing, cleaning, repairing, and/or maintaining the premises that includes the CITRUS APARTMENTS located at 60 N. Pecos Road, Las Vegas, NV 89101, Clark County, Nevada (hereinafter the "SUBJECT PROPERTY"), at all times mentioned herein; b) persons involved in the design, manufacture, distribution, and placement into the stream of commerce of an unreasonably dangerous and unfit product (including but not limited to the design, manufacture, sale, placement into the stream of commerce, and installation of the sprinklers at the SUBJECT PROPERTY) that caused damages to Plaintiff, and which persons are strictly liable under products liability law; c) employers of Defendant(s) who are responsible for the acts of their employees under NRS 41.745, or under the doctrine of *respondeat superior*; d) known witnesses whose particular culpability is not known at this time but may be made known once true facts are learned; and e) the predecessors and successors of Defendants, and each of them, including but not limited to all parties that have assumed or retained the liabilities of any Defendant(s) by virtue of an agreement, sale, transfer or otherwise. As the specific identities of these parties are revealed through discovery, the DOE or



GINA CORENA & ASSOCIATES

ROE appellation will be replaced to identify these parties by their true names and capacities. Reference to Defendant or Defendants herein includes DOES and ROES and each of them.

7. At all times mentioned herein, Defendants, and each of them, were the agents, servants, partners, joint venturers, and/or employees of each and every other Defendant and were acting within the course and scope of their agency, partnership, joint venture, and or/employment.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff repeats and realleges the allegations above as though fully set forth herein.

9. On or about January 10, 2024, PLAINTIFF was an invitee of Defendants, walking through the SUBJECT PROPERTY.

10. While at the SUBJECT PROPERTY, Plaintiff was walking to the Leasing Office when he slipped on an icy sidewalk and fell, thereby sustaining serious injuries as a result (the "SUBJECT INCIDENT").

11. Prior to and at the time Plaintiff slipped and fell, Defendants, and each of them, owned, utilized, and were charged with designing, constructing, improving, controlling, inspecting, cleaning, maintaining, and/or managing the premises that includes the CITRUS APARTMENTS located at 60 N. Pecos Road, Las Vegas, NV 89101, Clark County, Nevada (i.e. the SUBJECT PROPERTY).

12. Upon information and belief, at all times relevant hereto, Defendants **SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS, OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY MANAGEMENT, and OMNINET SOUTHWEST, LLC,** shared jointly in the benefits and burdens of owning, designing, building, marketing, and/or operation of the SUBJECT PROPERTY.

13. **Upon information and belief, at all times relevant hereto, Defendant BANUELOS PRO LANDSCAPING, LLC, was contracted to provide maintenance of the landscaping of the SUBJECT PROPERTY.**

14. At the time Plaintiff slipped and fell, Defendants, **SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS, OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY MANAGEMENT, and OMNINET SOUTHWEST, LLC,** were the

owners and/or operators of the SUBJECT PROPERTY, and therefore had a non-delegable duty to the general public and invitees, including Plaintiff, to maintain the SUBJECT PROPERTY in a reasonably safe manner and to warn the general public and invitees on the SUBJECT PROPERTY of safety hazards on the SUBJECT PROPERTY.

15. Prior to and at the time Plaintiff slipped and fell, Defendants were in control of the SUBJECT PROPERTY and had a duty to take reasonable steps to make the SUBJECT PROPERTY safe for invitees and others present at the SUBJECT PROPERTY, which duty includes but is not limited to the duty to supervise employees and staff, provide sufficient security, identify and remediate potential slip, trip, and fall hazards, and clean maintain and inspect the SUBJECT PROPERTY for the safety and protection of those persons present on the SUBJECT PROPERTY including Plaintiff.

16. The presence of ice on the sidewalk constituted an unreasonably dangerous condition and a trip hazard to guests, including Plaintiff.

17. Defendants created the unreasonably dangerous condition by failing to maintain the sprinklers at the property, directing the sprinklers in such a way as to cause overspray onto pedestrian walkways, failing to direct (or re-direct) the sprinklers to avoid overspray onto pedestrian walkways, allowing ice to accumulate on pedestrian walkways due to water sprayed onto the sidewalk by the sprinklers, failing to de-ice the walkways, and/or otherwise failing to take reasonable steps to remediate the hazard created by the ice on the pedestrian walkways.

18. Before Plaintiff fell, Defendants knew or should have known that such an unreasonable, unsafe, dangerous and/or hazardous condition existed and was unreasonably dangerous to guests.

19. Defendants did not take reasonable steps to safeguard guests who utilize this area from the hazard presented by the icy sidewalk.

20. Defendants did not take reasonable steps to warn guests who utilize this area of the hazard presented by the icy sidewalk.

21. Defendants did not secure the area, did not prevent guests from walking into and through the area, did not remove the danger, did not provide warning to guests of the icy sidewalk



GINA CORENA & ASSOCIATES

GINA CORENA & ASSOCIATES

or the danger associated therewith, and did not take any other reasonable steps to make the SUBJECT PROPERTY safe for Plaintiff.

22. Defendants, and each of them, and/or their agents, employees and servants, breached the duty of care owed to Plaintiff by allowing the SUBJECT PROPERTY to be maintained in such a negligent manner that it created an unreasonably dangerous condition.

23. Due to Defendants' negligence, the area where Plaintiff fell was in an unreasonable, unsafe, improperly maintained, dangerous and/or hazardous condition and was unreasonably dangerous to patrons and invitees, including Plaintiff.

24. Defendants' employees' negligence was committed within the scope of their employment with Defendants, and therefore these Defendants are vicariously liable to Plaintiff for the actions and/or failures to act of their employees, managers, agents, assigns, contractors, subcontractors and/or others.

25. Defendants are solely at fault for the SUBJECT INCIDENT.

26. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has suffered serious injuries to his body, all or some of which conditions may be permanent or disabling in nature, as well as pain and suffering, anguish, disability, loss of earnings, loss of earning capacity, loss of enjoyment of life, and loss of household services.

27. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has sustained damages in an amount in excess of $15,000.00.

28. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has had to retain the services of GINA CORENA & ASSOCIATES to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**FIRST CAUSE OF ACTION**

**(Negligence as to All Defendants)**

29. Plaintiff repeats and realleges the allegations above as though fully set forth herein.

GINA CORENA & ASSOCIATES

30. The SUBJECT INCIDENT described herein is of a kind which ordinarily does not occur in the absence of someone's negligence.

31. The SUBJECT INCIDENT was caused by an agent or instrumentality within the exclusive control of Defendant.

32. Plaintiff's negligence, if any, is not greater than that of Defendants.

33. Defendants had superior knowledge regarding the dangerous condition that caused the SUBJECT INCIDENT than Plaintiff and therefore should have taken reasonable steps to make the dangerous condition safe and/or to warn Plaintiff of the dangerous condition.

34. Defendants, and each of them, and their employees, contractors, and/or subcontractors, created the hazard and had sufficient actual and/or constructive notice of the dangerous condition in sufficient time before the SUBJECT INCIDENT occurred, in order to have taken reasonable measures to protect against the SUBJECT INCIDENT and injuries in question.

35. It was the duty of the Defendants, and each of them, to operate, design, construct, own, maintain, manage, clean, supervise, and/or operate the SUBJECT PROPERTY in a reasonably safe condition and/or manner, and further to warn of hazardous conditions, so as not to negligently, carelessly, and recklessly cause injury or damage to others, including Plaintiff.

36. Defendants, and each of them, were negligent, or breached their duty of reasonable care, in the following particulars:

a. Defendants, individually or jointly, maintained, controlled, and/or created a dangerous condition on the SUBJECT PROPERTY by allowing ice to build up and remain on a sidewalk in an area designed for use by and actually used by invitees;

b. The Defendants knew or should have known that the icy sidewalk in an area designed for invitees to walk, was unsafe, nevertheless, Defendants, and each of them, did not take steps to alleviate or prevent the dangerous condition, nor warn of its existence.

c. Defendants, and each of them, failed to implement reasonable policies and procedures to operate, inspect, maintain, clean and/or repair the walkway where the SUBJECT INCIDENT occurred.

37. At all times mentioned herein, there were in effect statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants.

38. Plaintiff was a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted and promulgated.

39. Plaintiff sustained injuries of the type that said statutes, ordinances, and regulations were intended to prevent.

40. As a direct and proximate result of the negligent actions and/or omissions of Defendants, and each of them, Plaintiff has sustained harms and losses, to be fully set forth and proven at trial, in an amount in excess of $15,000.00.

41. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

42. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has suffered physical injuries, as well as pain and suffering, anguish, disability, loss of earnings, loss of earning capacity, loss of enjoyment of life, and loss of household services.

43. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has had to retain the services of Gina Corena & Associates to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**SECOND CAUSE OF ACTION**

**(Negligent Hiring, Training, Supervision, and Retention as to All Defendants)**

44. Plaintiff repeats and realleges the allegations above as though fully set forth herein.

45. Defendants had a duty to use reasonable care in hiring, training, supervising, and retaining employees and/or other persons and/or entities responsible for the design, construction,

operation, maintenance, management, cleaning, and inspection of the SUBJECT PROPERTY to ensure that a safe environment was provided for invitees, including Plaintiff.

46. Defendants knew or should have known that the individuals hired and retained to design, construct, operate, maintain, manage, clean, and/or inspect the SUBJECT PROPERTY were unfit to perform the duties assigned to them and/or unfit to follow policies and procedures without training and supervision to reduce the risk of harm caused by Defendants and their employees acts or omissions.

47. Defendants breached their duty in that they failed to hire, train, and/or supervise responsible employees, failed to train employees to keep the SUBJECT PROPERTY safe for invitee use, failed to supervise employees, and retained employees that displayed unsafe practices.

48. These failures led to Defendant's employees creating a hazard, failing to recognize a hazard, and failing to remedy a hazard.

49. These failures proximately led to Plaintiff's fall and resulting injuries.

50. Defendants, and each of them, are vicariously liable for acts and/or omissions to act by each other, via the doctrines of respondeat superior, vicarious liability and/or agency.

51. As a direct and proximate result of the negligent actions and/or omissions of Defendants, and each of them, Plaintiff has sustained harms and losses, to be fully set forth and proven at trial, in an amount in excess of $15,000.00.

52. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

53. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has suffered physical injuries, as well as pain and suffering, anguish, disability, loss of earnings, loss of earning capacity, loss of enjoyment of life, and loss of household services.

54. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has had to retain the services of Gina Corena &

GINA CORENA & ASSOCIATES

Associates to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint at the time of the trial of the action herein to include all parties and items of damage not yet ascertained, demand judgment against Defendants and each of them, jointly and severally, as follows:

1. For general damages in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. For interest at the legal rate;
4. For cost of suit incurred herein;
5. For reasonable attorney's fees; and
6. For such other and further relief as the Court may deem just and proper.

**DATED:** July 10, 2026.

**GINA CORENA & ASSOCIATES**

*/s/ Kristie L. Fischer*

**Gina M. Corena, Esq.**
Nevada Bar No. 10330
**Kristie L. Fischer, Esq.**
Nevada Bar No. 11693
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*