**Gina M. Corena, Esq.**
Nevada Bar No. 10330
gina@corenalaw.com
**Jenna Pyle, Esq.**
Nevada Bar No. 15309
jenna@corenalaw.com
**Gina Corena & Associates**
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 680-1111
Facsimile: (888) 897-6507
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE LUIS ANAYA SANCHEZ, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS, a Foreign Limited Liability Company; BANUELOS PRO LANDSCAPING, LLC, a Domestic Limited Liability Company; OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY MANAGEMENT, a Foreign Corporation; OMNINET SOUTHWEST, LLC, a Foreign Limited Liability Company; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:25-cv-02357-CDS-DJA<br><br>**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT OMNINET PROPERTY MANAGEMENT, INC. D/B/A PIONEER PROPERTY MANAGEMENT**<br><br>**[First Request]** |

COMES NOW, Plaintiff Jose Luis Anaya Sanchez ("Plaintiff") by and through his attorneys of record, Jenna Pyle, Esq., of the Law Office of GINA CORENA & ASSOCIATES, hereby moves this Court for an Order Extending the deadline to serve Defendant Omninet

Property Management, Inc. d/b/a Pioneer Property Management ("Defendant") by an additional 60 days pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule IA 6-1. Good cause exists for the requested extension because Plaintiff attempted to serve Defendant through its registered agent, only to discover that the registered agent's listed business location was vacant and the business had closed. Plaintiff therefore requires additional time to locate Defendant and effectuate service. This is Plaintiff's *first request* for an extension of the service deadline.

This Motion is based upon the following Memorandum of Points and Authorities, the pleadings on file herein, any exhibits attached hereto and the Declaration of Jenna Pyle, Esq., incorporated herein.

GINA CORENA & ASSOCIATES

*/s/ Jenna Pyle* ________
**Gina M. Corena, Esq.**
Nevada Bar No. 10330
**Jenna Pyle, Esq.**
Nevada Bar No. 15309
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT BACKGROUND

This action is for personal injuries that Plaintiff suffered as a result of a slip and fall, when Defendants carelessly and negligently failed to properly inspect, maintain or manage the premises to avoid hazardous conditions for invitees and/or guests of the property.

Plaintiff filed its First Amended Complaint on July 16, 2026 naming Defendant Omninet Property Management, Inc., d/b/a Pioneer Property Management as a defendant. *See* **Exhibit 1** attached hereto**.** Following the filing of the First Amended Complaint, Plaintiff attempted to effectuate service upon Defendant through its designated registered agent at its listed business address. However, upon attempting service, Plaintiff discovered that the registered agent's

office was vacant and the business had closed. Consequently, Plaintiff was unable to effectuate service upon Defendant within the allotted timeframe.

Notably, another entity affiliated with Defendant, OMNINET SOUTHWEST, LLC, was also named in this action and has been successfully served. Accordingly, Plaintiff is informed and believes that Defendant has notice of the pending litigation through its affiliated entity. The 90-day deadline to serve Defendant runs October 13, 2026. Plaintiff now seeks a sixty (60) day extension to locate Defendant or an appropriate representative and effectuate service. This is Plaintiff's first request for an extension of the service deadline.

## II. LEGAL AUTHORITY

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But **if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period**. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

*See* FRCP 4(m) (emphasis added).

In evaluating good cause, courts consider: 1.) whether the plaintiff has demonstrated excusable neglect; 2.) whether the defendant received actual notice of the action; 3.) whether the defendant would suffer prejudice from an extension; and 4.) whether dismissal would severely prejudice the plaintiff. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

In evaluating excusable neglect, courts apply four-factor equitable test considering: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the moving party acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). Those four enumerated factors are "not an exclusive list" and the determination is ultimately equitable and

requires consideration of all relevant circumstances *Lemoge*, 587 F.3d at 1195. "In some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir. 2010).

Even absent good cause, the district court retains broad discretion to extend the time for service. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *see also Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Additionally, LR IA 6-1 requires that motions seeking extensions identify the reasons for the requested extension and disclose all prior extensions of the applicable deadline. Where the request is made after the deadline has expired, the movant must demonstrate excusable neglect. *See* LR IA 6-1.

## III. GOOD CAUSE EXISTS FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT

Good cause exists to extend the deadline for serving Defendant by 60 days. Here, Plaintiff made a good-faith attempt to effectuate service through Defendant's designated registered agent at its listed business address on the Nevada Secretary of State. However, upon attempting service, Plaintiff discovered that the location was vacant and the business had closed. *See* the attached return of unexecuted summons hereto as **Exhibit 2**. Accordingly, Plaintiff was unable to effectuate service through no fault of its own and requires additional time to identify an alternative address or appropriate representative upon whom service may be effectuated.

Moreover, another subsidiary of Defendant's affiliated corporate enterprise, OMNINET SOUTHWEST, LLC, has already been named and successfully served in this action. Accordingly, Plaintiff is informed and believes that Defendant has actual notice of this litigation through its affiliated entity. Further, Defendant will suffer no meaningful prejudice from the requested extension, particularly where Plaintiff seeks only a brief additional period to complete service, and the extension will not materially impact these proceedings. Based on the foregoing, Plaintiff has satisfied the four factors of good cause as outlined in *Lemoge*.

Likewise, the relevant equitable factors favor granting the requested extension. Here, Plaintiff attempted service in good faith. Additionally, the failure to complete service resulted from circumstances discovered during that attempt, and Plaintiff seeks only sixty (60) additional days to effectuate service. There is no indication of bad faith or any effort to unnecessarily delay these proceedings. Conversely, denial of the requested extension could result in dismissal of Plaintiff's claims against Defendant without consideration of their merits.

Under these circumstances, Plaintiff submits that good cause exists to extend the service deadline pursuant to FRCP 4(m). Alternatively, even if the Court determines that good cause has not been established, the circumstances warrant an extension under the Court's broad discretion and the equitable considerations recognized in *Lemoge*, *In re Sheehan*, and *Ahanchian*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the instant Motion and extend the deadline to serve Defendant Omninet Property Management, Inc., d/b/a Pioneer Property Management by sixty (60) days, through and including December 14, 2026[1].

**DATED** October 13, 2026.

GINA CORENA & ASSOCIATES

*/s/ Jenna Pyle*__________
**Gina M. Corena, Esq.**
Nevada Bar No. 10330
**Jenna Pyle, Esq.**
Nevada Bar No. 15309
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

[1] Sixty (60) days from the filing of this Motion falls on Saturday, December 12, 2026. As such, pursuant to FRCP 6(a)(1)(C) Plaintiff used the next business day of Monday, December 14, 2026 in his request.

**<u>CERTIFICATE OF E-SERVICE</u>**

Pursuant to FRCP 5(b), I certify that I am an employee of GINA CORENA & ASSOCIATES, and that on October 13, 2026, I served the foregoing **<u>PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT OMNINET PROPERTY MANAGEMENT, INC. D/B/A PIONEER PROPERTY MANAGEMENT</u>** on the party(s) set forth below by email, addressed as follows:

**CLYDE & CO US LLP**
**Jennifer Echegoyen, Esq.**
(Pro Hac Vice)
**Stacy R. Smith, Esq.**
Nevada Bar No. 7919
**Dylan P. Todd, Esq.**
Nevada Bar No. 10456
7251 W. Lake Mead Blvd., Suite 430
Las Vegas, Nevada 89128
*Attorneys for Defendants Southwest Citrus, LLC d/b/a Citrus Apartments, Omninet Property Management, Inc. d/b/a Pioneer Property Management, and Omninet Southwest, LLC*

*<u>/s/ Terra McClanahan</u>*
An employee of **GINA CORENA & ASSOCIATES**

IT IS SO ORDERED.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: October 27, 2026

# EXHIBIT 1

EXHIBIT 1

**Gina M. Corena, Esq.**
Nevada Bar No. 10330
gina@lawofficecorena.com
**Kristie L. Fischer, Esq.**
Nevada Bar No. 11693
kristie@lawofficecorena.com
**GINA CORENA & ASSOCIATES**
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 680-1111
Facsimile: (888) 897-6507
*Attorneys for Plaintiff*

GINA CORENA & ASSOCIATES

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE LUIS ANAYA SANCHEZ, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS, a Foreign Limited Liability Company; **BANUELOS PRO LANDSCAPING, LLC, a Domestic Limited Liability Company; OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY MANAGEMENT, a Foreign Corporation; OMNINET SOUTHWEST, LLC, a Foreign Limited Liability Company;** DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:25-cv-02357-CDS-DJA<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Plaintiff JOSE LUIS ANAYA SANCHEZ ("**Plaintiff**"), by and through attorneys of record, the Law Office of **GINA CORENA & ASSOCIATES**, and for causes of action against the Defendants, SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS, a Foreign Limited Liability Company; **BANUELOS PRO LANDSCAPING, LLC, a Domestic Limited Liability Company; OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY**

**MANAGEMENT, a Foreign Corporation; OMNINET SOUTHWEST, LLC, a Foreign Limited Liability Company;** DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive, and jointly and severally, complains and alleges as follows:

## GENERAL ALLEGATIONS

1. That at all times relevant hereto, Plaintiff, was and is a resident of Clark County, State of Nevada.

2. Upon information and belief, at all times mentioned, Defendant SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS is a limited liability company formed under the laws of the State of Delaware, with its principle place of business in Clark County, Nevada, and/or that owns and operates the residential apartment complex commonly known as CITRUS APARTMENTS, located at 60 N. Pecos Road, Las Vegas, Nevada 89101, and that was and is authorized to conduct, and was and is actually conducting business in Clark County, Nevada.

3. **Upon information and belief, at all times mentioned, Defendant BANUELOS PRO LANDSCAPING, LLC is a limited liability company formed under the laws of the State of Nevada, with its principle place of business in Clark County, Nevada, and/or that was and is contracted to perform landscape maintenance services at Citrus Apartments, located at 60 N. Pecos Road, Las Vegas, Nevada 89101, and that was and is authorized to conduct, and was and is actually conducting business in Clark County, Nevada.**

4. **Upon information and belief, at all times mentioned, Defendant OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY MANAGEMENT is a foreign corporation formed under the laws of the State of California, that was and is the property management company for Citrus Apartments, located at 60 N. Pecos Road, Las Vegas, Nevada 89101, and that was and is authorized to conduct, and was and is actually conducting business in Clark County, Nevada.**

5. **Upon information and belief, at all times mentioned, Defendant OMNINET SOUTHWEST, LLC is a foreign limited liability company formed under the laws of the State of Delaware, that owns and/or operates the residential apartment complex commonly known as CITRUS APARTMENTS, located at 60 N. Pecos Road, Las Vegas, Nevada 89101,**



GINA CORENA & ASSOCIATES

**and that was and is authorized to conduct, and was and is actually conducting business in Clark County, Nevada.**

6. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident Defendants designated herein as DOES I through X, and ROE BUSINESS ENTITIES I through X, are presently unknown to Plaintiff. Upon information and belief these DOE and ROE Defendants, and each of them, were involved in the initiation, approval, support, or execution of one or more of the wrongful acts or omissions upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff, including but not limited to: unreasonably owning, maintaining, operating, or repairing the premises and/or any fixture or instrumentality thereon that caused injury to Plaintiff (including but not limited to the sprinklers in the area where Plaintiff was injured). ROE and DOE Defendants also include but are not limited to: a) presently unknown person(s) who is/are otherwise responsible for designing, constructing, improving, owning, leasing, controlling, operating, occupying, inspecting, managing, securing, cleaning, repairing, and/or maintaining the premises that includes the CITRUS APARTMENTS located at 60 N. Pecos Road, Las Vegas, NV 89101, Clark County, Nevada (hereinafter the "SUBJECT PROPERTY"), at all times mentioned herein; b) persons involved in the design, manufacture, distribution, and placement into the stream of commerce of an unreasonably dangerous and unfit product (including but not limited to the design, manufacture, sale, placement into the stream of commerce, and installation of the sprinklers at the SUBJECT PROPERTY) that caused damages to Plaintiff, and which persons are strictly liable under products liability law; c) employers of Defendant(s) who are responsible for the acts of their employees under NRS 41.745, or under the doctrine of *respondeat superior*; d) known witnesses whose particular culpability is not known at this time but may be made known once true facts are learned; and e) the predecessors and successors of Defendants, and each of them, including but not limited to all parties that have assumed or retained the liabilities of any Defendant(s) by virtue of an agreement, sale, transfer or otherwise. As the specific identities of these parties are revealed through discovery, the DOE or

ROE appellation will be replaced to identify these parties by their true names and capacities. Reference to Defendant or Defendants herein includes DOES and ROES and each of them.

7. At all times mentioned herein, Defendants, and each of them, were the agents, servants, partners, joint venturers, and/or employees of each and every other Defendant and were acting within the course and scope of their agency, partnership, joint venture, and or/employment.

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. Plaintiff repeats and realleges the allegations above as though fully set forth herein.

9. On or about January 10, 2024, PLAINTIFF was an invitee of Defendants, walking through the SUBJECT PROPERTY.

10. While at the SUBJECT PROPERTY, Plaintiff was walking to the Leasing Office when he slipped on an icy sidewalk and fell, thereby sustaining serious injuries as a result (the "SUBJECT INCIDENT").

11. Prior to and at the time Plaintiff slipped and fell, Defendants, and each of them, owned, utilized, and were charged with designing, constructing, improving, controlling, inspecting, cleaning, maintaining, and/or managing the premises that includes the CITRUS APARTMENTS located at 60 N. Pecos Road, Las Vegas, NV 89101, Clark County, Nevada (i.e. the SUBJECT PROPERTY).

12. Upon information and belief, at all times relevant hereto, Defendants **SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS, OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY MANAGEMENT, and OMNINET SOUTHWEST, LLC,** shared jointly in the benefits and burdens of owning, designing, building, marketing, and/or operation of the SUBJECT PROPERTY.

**13. Upon information and belief, at all times relevant hereto, Defendant BANUELOS PRO LANDSCAPING, LLC, was contracted to provide maintenance of the landscaping of the SUBJECT PROPERTY.**

14. At the time Plaintiff slipped and fell, Defendants, **SOUTHWEST CITRUS, LLC d/b/a CITRUS APARTMENTS, OMNINET PROPERTY MANAGEMENT, INC. d/b/a PIONEER PROPERTY MANAGEMENT, and OMNINET SOUTHWEST, LLC,** were the



GINA CORENA & ASSOCIATES

owners and/or operators of the SUBJECT PROPERTY, and therefore had a non-delegable duty to the general public and invitees, including Plaintiff, to maintain the SUBJECT PROPERTY in a reasonably safe manner and to warn the general public and invitees on the SUBJECT PROPERTY of safety hazards on the SUBJECT PROPERTY.

15. Prior to and at the time Plaintiff slipped and fell, Defendants were in control of the SUBJECT PROPERTY and had a duty to take reasonable steps to make the SUBJECT PROPERTY safe for invitees and others present at the SUBJECT PROPERTY, which duty includes but is not limited to the duty to supervise employees and staff, provide sufficient security, identify and remediate potential slip, trip, and fall hazards, and clean maintain and inspect the SUBJECT PROPERTY for the safety and protection of those persons present on the SUBJECT PROPERTY including Plaintiff.

16. The presence of ice on the sidewalk constituted an unreasonably dangerous condition and a trip hazard to guests, including Plaintiff.

17. Defendants created the unreasonably dangerous condition by failing to maintain the sprinklers at the property, directing the sprinklers in such a way as to cause overspray onto pedestrian walkways, failing to direct (or re-direct) the sprinklers to avoid overspray onto pedestrian walkways, allowing ice to accumulate on pedestrian walkways due to water sprayed onto the sidewalk by the sprinklers, failing to de-ice the walkways, and/or otherwise failing to take reasonable steps to remediate the hazard created by the ice on the pedestrian walkways.

18. Before Plaintiff fell, Defendants knew or should have known that such an unreasonable, unsafe, dangerous and/or hazardous condition existed and was unreasonably dangerous to guests.

19. Defendants did not take reasonable steps to safeguard guests who utilize this area from the hazard presented by the icy sidewalk.

20. Defendants did not take reasonable steps to warn guests who utilize this area of the hazard presented by the icy sidewalk.

21. Defendants did not secure the area, did not prevent guests from walking into and through the area, did not remove the danger, did not provide warning to guests of the icy sidewalk



GINA CORENA & ASSOCIATES

or the danger associated therewith, and did not take any other reasonable steps to make the SUBJECT PROPERTY safe for Plaintiff.

22. Defendants, and each of them, and/or their agents, employees and servants, breached the duty of care owed to Plaintiff by allowing the SUBJECT PROPERTY to be maintained in such a negligent manner that it created an unreasonably dangerous condition.

23. Due to Defendants' negligence, the area where Plaintiff fell was in an unreasonable, unsafe, improperly maintained, dangerous and/or hazardous condition and was unreasonably dangerous to patrons and invitees, including Plaintiff.

24. Defendants' employees' negligence was committed within the scope of their employment with Defendants, and therefore these Defendants are vicariously liable to Plaintiff for the actions and/or failures to act of their employees, managers, agents, assigns, contractors, subcontractors and/or others.

25. Defendants are solely at fault for the SUBJECT INCIDENT.

26. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has suffered serious injuries to his body, all or some of which conditions may be permanent or disabling in nature, as well as pain and suffering, anguish, disability, loss of earnings, loss of earning capacity, loss of enjoyment of life, and loss of household services.

27. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has sustained damages in an amount in excess of $15,000.00.

28. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has had to retain the services of GINA CORENA & ASSOCIATES to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

. . .

. . .

. . .

GINA CORENA & ASSOCIATES

GINA CORENA & ASSOCIATES

## FIRST CAUSE OF ACTION

**(Negligence as to All Defendants)**

29. Plaintiff repeats and realleges the allegations above as though fully set forth herein.

30. The SUBJECT INCIDENT described herein is of a kind which ordinarily does not occur in the absence of someone's negligence.

31. The SUBJECT INCIDENT was caused by an agent or instrumentality within the exclusive control of Defendant.

32. Plaintiff's negligence, if any, is not greater than that of Defendants.

33. Defendants had superior knowledge regarding the dangerous condition that caused the SUBJECT INCIDENT than Plaintiff and therefore should have taken reasonable steps to make the dangerous condition safe and/or to warn Plaintiff of the dangerous condition.

34. Defendants, and each of them, and their employees, contractors, and/or subcontractors, created the hazard and had sufficient actual and/or constructive notice of the dangerous condition in sufficient time before the SUBJECT INCIDENT occurred, in order to have taken reasonable measures to protect against the SUBJECT INCIDENT and injuries in question.

35. It was the duty of the Defendants, and each of them, to operate, design, construct, own, maintain, manage, clean, supervise, and/or operate the SUBJECT PROPERTY in a reasonably safe condition and/or manner, and further to warn of hazardous conditions, so as not to negligently, carelessly, and recklessly cause injury or damage to others, including Plaintiff.

36. Defendants, and each of them, were negligent, or breached their duty of reasonable care, in the following particulars:

a. Defendants, individually or jointly, maintained, controlled, and/or created a dangerous condition on the SUBJECT PROPERTY by allowing ice to build up and remain on a sidewalk in an area designed for use by and actually used by invitees;

b. The Defendants knew or should have known that the icy sidewalk in an area designed for invitees to walk, was unsafe, nevertheless, Defendants, and each

of them, did not take steps to alleviate or prevent the dangerous condition, nor warn of its existence.

c. Defendants, and each of them, failed to implement reasonable policies and procedures to operate, inspect, maintain, clean and/or repair the walkway where the SUBJECT INCIDENT occurred.

37. At all times mentioned herein, there were in effect statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants.

38. Plaintiff was a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted and promulgated.

39. Plaintiff sustained injuries of the type that said statutes, ordinances, and regulations were intended to prevent.

40. As a direct and proximate result of the negligent actions and/or omissions of Defendants, and each of them, Plaintiff has sustained harms and losses, to be fully set forth and proven at trial, in an amount in excess of $15,000.00.

41. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

42. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has suffered physical injuries, as well as pain and suffering, anguish, disability, loss of earnings, loss of earning capacity, loss of enjoyment of life, and loss of household services.

43. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has had to retain the services of Gina Corena & Associates to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

. . .

. . .

. . .



GINA CORENA & ASSOCIATES

**SECOND CAUSE OF ACTION**

**(Negligent Hiring, Training, Supervision, and Retention as to All Defendants)**

44. Plaintiff repeats and realleges the allegations above as though fully set forth herein.

45. Defendants had a duty to use reasonable care in hiring, training, supervising, and retaining employees and/or other persons and/or entities responsible for the design, construction, operation, maintenance, management, cleaning, and inspection of the SUBJECT PROPERTY to ensure that a safe environment was provided for invitees, including Plaintiff.

46. Defendants knew or should have known that the individuals hired and retained to design, construct, operate, maintain, manage, clean, and/or inspect the SUBJECT PROPERTY were unfit to perform the duties assigned to them and/or unfit to follow policies and procedures without training and supervision to reduce the risk of harm caused by Defendants and their employees acts or omissions.

47. Defendants breached their duty in that they failed to hire, train, and/or supervise responsible employees, failed to train employees to keep the SUBJECT PROPERTY safe for invitee use, failed to supervise employees, and retained employees that displayed unsafe practices.

48. These failures led to Defendant's employees creating a hazard, failing to recognize a hazard, and failing to remedy a hazard.

49. These failures proximately led to Plaintiff's fall and resulting injuries.

50. Defendants, and each of them, are vicariously liable for acts and/or omissions to act by each other, via the doctrines of respondeat superior, vicarious liability and/or agency.

51. As a direct and proximate result of the negligent actions and/or omissions of Defendants, and each of them, Plaintiff has sustained harms and losses, to be fully set forth and proven at trial, in an amount in excess of $15,000.00.

52. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

53. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has suffered physical injuries, as well as pain and

suffering, anguish, disability, loss of earnings, loss of earning capacity, loss of enjoyment of life, and loss of household services.

54. As a direct and proximate result of the negligence, actions and/or omissions of Defendants, and each of them, Plaintiff has had to retain the services of Gina Corena & Associates to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint at the time of the trial of the action herein to include all parties and items of damage not yet ascertained, demand judgment against Defendants and each of them, jointly and severally, as follows:

1. For general damages in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. For interest at the legal rate;
4. For cost of suit incurred herein;
5. For reasonable attorney's fees; and
6. For such other and further relief as the Court may deem just and proper.

**DATED:** July 16, 2026.

**GINA CORENA & ASSOCIATES**

*/s/ Kristie L. Fischer*

**Gina M. Corena, Esq.**
Nevada Bar No. 10330
**Kristie L. Fischer, Esq.**
Nevada Bar No. 11693
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

GINA CORENA & ASSOCIATES

# EXHIBIT 2

EXHIBIT 2

Civil Action No. 2:25-cv-02357-CDS-DJA

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* OMNINET PROPERTY MANAGEMENT, INC. was received by me on *(date)* 9/24/2026.

☐ I personally served the summons on the individual at *(place)* ____________________ on *(date)* ____________________; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ____________________ , a person of suitable age and discretion who resides there, on *(date)* ____________________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ____________________ , who is designated by law to accept service of process on behalf of *(name of organization)* ____________________ on *(date)* ____________________; or

☒ I returned the summons unexecuted because: Office Vacant. ; or

☐ Other: Office Vacant. ; or

My fees are $ ____________________ for travel and $ ____________________ for services, for a total of $ $0.00.

I declare under penalty of perjury that this information is true.

Date: 10/13/2026

Jack Riley

*Server's signature*

Jack Riley R-2023-15730

*Printed name and title*

6592 North Decatur Boulevard Unit 150-143, Las Vegas, NV 89131

*Server's address*

Additional information regarding attempted service, etc.:
1) Unsuccessful Attempt: Sep 24, 2026, 4:56 pm PDT at 2080 East Flamingo Road Suite 112, Las Vegas, NV 89119
Office Vacant.